UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SOLAR CITY, INC.,

    Plaintiff,

v.                                  Case No. 8:19-cv-2538-T-33TGW

CRYSTAL CLEAR CONCEPTS, LLC,
and AUSTIN FORD,

    Defendants.

AUSTIN FORD,

    Crossclaim-Plaintiff,

v.

CRYSTAL CLEAR CONCEPTS, LLC,

    Crossclaim-Defendant.

_____/

**ORDER**

This matter comes before the Court upon consideration of Crossclaim-Defendant Crystal Clear Concepts, LLC's Motion to Dismiss Crossclaim (Doc. # 24), filed on November 18, 2019. Crossclaim-Plaintiff Austin Ford responded in opposition on December 6, 2019. (Doc. # 38). For the reasons that follow, the Motion is denied.

1

**I.  Background**

In 2015, Ford was the owner of Crystal Clear. (Doc. # 16 at 3). On March 24, 2015, Ford "entered into an Agreement with [Plaintiff Solar City, Inc.] whereby [Solar City] would extend credit to [Crystal Clear] up to $15,000." (Id.). As part of that Agreement, Ford entered into a personal guaranty. (Id.; Doc. # 1-1 at 9). Ford later sold his interest in Crystal Clear on June 30, 2017. (Doc. # 16 at 3). Ford attaches the "Membership Interest Purchase Agreements" through which he sold his interest in Crystal Clear as exhibits. (Id. at 6-51).

Only after Ford sold his interest in Crystal Clear did Crystal Clear "utilize[] the underlying line of credit" from the Agreement with Solar City. (Id. at 3). Thus, Ford "had no knowledge of the alleged indebtedness until the commencement of this action and in no way benefitted from the alleged transactions between [Solar City] and [Crystal Clear]." (Id.).

Ford "finds himself in a position where he is exposed to liability by the alleged wrongful act of another, specifically [Crystal Clear's] failure to make payment to [Solar City]." (Id.). He alleges that he "is potentially liable to [Solar City] only because he is vicariously liable

2

by virtue of a personal guarant[y] entered into prior to [Ford] selling his interest in [Crystal Clear]." (Id. at 4). According to Ford, Crystal Clear "has an implied duty to indemnify [] Ford against any and all damages." (Id. at 3).

Solar City initiated this action against Crystal Clear and Ford in state court on September 15, 2019, asserting claims for breach of contract, breach of guaranty, account stated, and quantum meruit. (Doc. # 1-1). The case was removed to this Court on the basis of diversity jurisdiction on October 14, 2019. (Doc. # 1). Ford filed his Answer and Crossclaim for indemnification against Crystal Clear on October 31, 2019. (Doc. # 16).

Crystal Clear now moves to dismiss the Crossclaim for failure to state a claim or, alternatively, for forum non conveniens. (Doc. # 24). Ford has responded (Doc. # 38), and the Motion is ripe for review.

## II.  Legal Standard

On a motion to dismiss pursuant to Rule 12(b)(6), this Court accepts as true all the allegations in the crossclaim and construes them in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004); see also Williams v. Jet One Jets, Inc., No. 1:08-CV-3737-TCB, 2009 WL 10682155, at *2 (N.D. Ga.

Nov. 19, 2009)(applying the typical Rule 12(b)(6) standard on a motion to dismiss a crossclaim). Further, the Court favors the crossclaim plaintiff with all reasonable inferences from the allegations in the crossclaim. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990). But,

> [w]hile a [crossclaim] attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations omitted). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). The Court must limit its consideration to well-pleaded factual allegations, documents central to or referenced in the crossclaim, and matters judicially noticed. La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

### III. Analysis

First, Crystal Clear argues that Ford's claim for indemnification arises out of his guaranty in the Agreement with Solar City. (Doc. # 24 at 5). As that guaranty states that it is governed by Florida law (Doc. # 1-1 at 9), Crystal

4

Clear argues that Florida law applies. (Doc. # 24 at 5). Additionally, it argues that Ford has failed to state a claim for common law indemnification but rather is bringing a premature claim for subrogation, which is subject to dismissal. (Id.).

Alternatively, Crystal Clear argues that, if Ford's claim for indemnification arises out of his sale of his interest in Crystal Clear, then the Crossclaim should be dismissed under the doctrine of forum non conveniens. (Id.). To support this contention, Crystal Clear points to the Membership Interest Purchase Agreements, which specify that the exclusive venue for claims arising from those agreements is in Dallas County, Texas. (Doc. # 16 at 6-51).

Upon review, the Court finds that Ford is casting his claim as one for common law indemnification under Florida law. "For a party to prevail on a claim of common law indemnity, the party must satisfy a two-prong test." Dade Cty. Sch. Bd. v. Radio Station WQBA, 731 So. 2d 638, 642 (Fla. 1999). "First, the party seeking indemnification must be without fault, and its liability must be vicarious and solely for the wrong of another." Id. "Second, indemnification can only come from a party who was at fault." Id.; see also Fla. Farm Bureau Gen. Ins. Co. v. Ins. Co. of N. Am., 763 So.2d

5

429, 435 (Fla. 5th DCA 2000)("In order to properly plead a cause of action for common law indemnity, the party seeking indemnity must allege in his complaint 1) that he is wholly without fault; 2) that the party from whom he is seeking indemnity is at fault; and 3) that he is liable to the injured party only because he is vicariously, constructively, derivatively, or technically liable for the wrongful acts of the party from whom he is seeking indemnity."). "Additionally, Florida courts have required a special relationship between the parties in order for common law indemnification to exist." Dade Cty. Sch. Bd., 731 So. 2d at 642.

The Court is unpersuaded by Crystal Clear's arguments for dismissal. First, while Crystal Clear may be correct that common law indemnification claims make more sense in the tort context, the case law Crystal Clear cites does not support that a common law indemnification claim cannot be brought in the contract context. In fact, authority to the contrary exists. See 12 Fla. Jur 2d Contribution, Etc. § 42 ("A party's liability for breach of contract to another can form the basis for a common law indemnification claim against a third party."); Diplomat Properties Ltd. P'ship v. Tecnoglass, LLC, 114 So. 3d 357, 361 (Fla. 4th DCA 2013)("Here, the fact that

Shower Concepts was found liable for breach of contract does not preclude it (or its assignee) from bringing a common law indemnity claim against Tecnoglass."). Thus, the Court is not convinced that Ford cannot bring a common law indemnification claim, regardless of whether subrogation may have been a better legal theory upon which to base his claim.

Moreover, Crystal Clear's Motion does not sufficiently develop an argument that Ford's Crossclaim fails to plead a cause of action for common law indemnification. Besides arguing that Ford should have filed a subrogation claim, Crystal Clear at most asserts that Ford's common law indemnification claim fails because "the personal guaranty makes Ford directly, not vicariously, liable for any indebtedness covered by it." (Doc. # 24 at 5). But Crystal Clear never develops this argument and, indeed, cites no case law supporting that Ford's liability cannot be considered "vicarious."

Without such legal authority, the Court will not dismiss Ford's common law indemnification claim. Indeed, the Court's research supports that Ford's potential liability to Crystal Clear is not "direct" for purposes of common law indemnification. See Auto-Owners Ins. Co. v. Ace Elec. Serv., Inc., 648 F. Supp. 2d 1371, 1379 (M.D. Fla. 2009)("[T]he

7

City's potential contract liability to Ace [the electrical contractor] does not mean that its liability is 'direct' such that an indemnification claim is impermissible. To the extent Dickens [the design professional] is arguing that contract liability to one party can never form the basis of an indemnification claim against a third party, the argument is unpersuasive. Of the terms 'vicarious,' 'constructive,' 'derivative' and 'technical' liability, only 'vicarious liability' is a recognized term of art, and it is typically used to describe liability imposed by agency law. The Florida Supreme Court's analysis in Houdaille strongly suggests that the other three terms, 'constructive,' 'derivative,' and 'technical,' are meant merely to capture the concept that the party seeking indemnity must be without fault.").

Upon review, the Court concludes that, although Ford could have included more detail, Ford has sufficiently pled a claim for common law indemnification. Ford alleges that he is faultless because Crystal Clear alone has incurred the debt at issue in Solar City's claims and that he is merely "vicariously liable" for Solar City's claims. (Doc. # 16 at 3-4). And Ford's former ownership interest in Crystal Clear plausibly qualifies as a special relationship. At this stage, these allegations are sufficient. Crystal Clear will have

8

another opportunity to challenge this claim at the summary judgment stage.

Finally, Crystal Clear has not established that dismissal under the doctrine of forum non conveniens is appropriate. Although the Membership Interest Purchase Agreements through which Ford sold his interest in Crystal Clear include an exclusive forum selection clause, these agreements do not form the basis of Ford's claim. Ford clarifies in his response that "the ongoing litigation is not related to the Purchase Agreements and they are not at issue in this litigation," but were merely attached to his Crossclaim as "evidence that [he] had sold his interest in [Crystal Clear] prior to the creation of the debt at issue." (Doc. # 38 at 2).

Rather, Ford's Crossclaim is related to the personal guaranty executed as part of Crystal Clear's agreement with Solar City, which includes no such forum selection clause. Ford's Crossclaim is not a fairly direct result of the performance of contractual duties under the Membership Interest Purchase Agreements. See Bailey v. ERG Enterprises, LP, 705 F.3d 1311, 1317 (11th Cir. 2013)("A claim 'relates to' a contract when 'the dispute occurs as a fairly direct result of the performance of contractual duties.' Moreover,

9

the fact that a dispute could not have arisen but for an agreement does not mean that the dispute necessarily 'relates to' that agreement." (citations omitted)). Thus, the forum selection clause in the Membership Interest Purchase Agreements does not require that the common law indemnification claim be brought in Texas.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Crossclaim-Defendant Crystal Clear Concepts, LLC's Motion to Dismiss Crosscliam (Doc. # 24) is **DENIED**. Crystal Clear's Answer is due 14 days from the date of this Order.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 11th day of December, 2019.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE